UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JESSICA P.,[1]

                              Plaintiff,                    **DECISION AND ORDER**

v.                                                                  6:22-cv-6238-JJM

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.
_____

        Plaintiff brings this action pursuant to 42 U.S.C. §§405(g) and 1383(c)(3) to review the final determination of the Commissioner of Social Security that she was not disabled. Before the court are the parties' cross-motions for judgment on the pleadings [9, 10].[2] The parties have consented to my jurisdiction [15]. Having reviewed their submissions [9, 10, 11], the Commissioner's motion is granted, and plaintiff's motion is denied.

## BACKGROUND

        The parties' familiarity with the 1,114-page administrative record [6] is presumed. On February 21, 2020, plaintiff filed an application for disability insurance benefits and supplemental security income, alleging an onset date of September 19, 2019. Administrative

---

[1]     In accordance with the guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, which was adopted by the Western District of New York on November 18, 2020 in order to better protect personal and medical information of non-governmental parties, this Decision and Order will identify the plaintiff by first name and last initial.

[2]     Bracketed references are to the CM/ECF docket entries. Page references to the administrative record are to the Bates numbering. All other page references are to the CM/ECF pagination.

Record [6] at 15. Plaintiff complained of panic disorder, depression, borderline personality disorder, and fast heart rate. Id. at 58. Plaintiff's claim was initially denied. Id. at 69.

A.     **The Hearing**

Administrative Law Judge ("ALJ") Michael W. Devlin conducted a telephone hearing on April 19, 2021. Id. at 32-57. Plaintiff was represented by an attorney. Id. at 32.

At the hearing, plaintiff testified that she experienced manic and depressive states. Id. at 36-37. She also had social anxiety and struggled in crowds of people, especially people she did not know. Id. at 37. She would get anxiety attacks from interviewing. Id. at 38. She was on medications for interrupted sleep and for anxiety. Id. at 39-40. She has three children, whom she cared for and helped with their online classes. Id. at 40-42. Plaintiff had problems with following a schedule, feeling "all over the place" and forgetting to finish things. Id. at 43-44. She had previously employment experience in shipping and receiving at a private company, as well as a mail sorter for the postal service. Id. at 48-49.

A vocational expert testified that an individual with no exertional limitations and the ability to understand, remember, and carry out simple instructions and tasks, occasionally interact with coworkers and supervisors with little to no contact with the general public, and consistently maintain concentration and focus for two hours at a time would be able to perform work as a mail sorter or warehouse worker. Id. at 52. He also testified that an individual who was off task more than ten percent outside of normal work breaks on an ongoing basis would be precluded from competitive work. Id. at 55.

B.        **The Medical Evidence**

In formulating the RFC, ALJ Devlin considered treatment history and the medical opinions of record. The treatment records span from May 2019 to January 2021 and reflect treatment for anxiety, depression, loss of motivation, panic attacks, tachycardia, as well as sleep and appetite problems. [9-1] at 6-13 (summarizing records).

Psychiatric consultant K. Lieber-Diaz, PsyD, conducted a psychiatric review technique and assessed plaintiff with moderate limitations in the ability to interact with others, and mild limitations in the domains of understanding, remembering, and applying information; concentrating, persisting, or maintaining pace; and adapting or managing oneself. [6] at 63. ALJ Devlin found Dr. Diaz's opinion "partially persuasive", finding that moderate limitations in the ability to adapt and manage oneself were also warranted. Id. at 23.

Psychiatric consultant L. Dekeon, PhD, conducted a reconsideration psychiatric review technique and assessed plaintiff with moderate limitations in the abilities to interact with others and to adapt or manage oneself; and mild limitations in the abilities to understand, remember, or apply information and to concentrate, persist or maintain pace. Id. at 92. ALJ Devlin found this opinion "fully persuasive", citing record support for plaintiff's social anxiety. Id. at 23.

Consultative psychiatric examiner Sara Long, PhD, examined plaintiff and found her to be cooperative with good social skills, neat and well groomed, fluent and clear in expression, coherent and goal directed, with full range of affect, a stable mood, and intact orientation, attention, concentration, memory, and cognitive function. Id. at 829-30. Her insight and judgment were poor to fair. Id. at 830. Plaintiff was able to take care of personal grooming, cooking, cleaning, and laundry, but not shopping. Id. Dr. Long opined that plaintiff would be

able to perform simple and complex tasks, make appropriate decisions, interact adequately with others, maintain attention and concentration, and maintain a regular schedule. Id. at 829-30. She assessed plaintiff with mild to moderate limitations with regulating emotions. Id. at 830.

ALJ Devlin found Dr. Long's opinion to be "fully persuasive" because her mental status findings were consistent with those indicated in the treatment records. Id. at 24. ALJ Devlin agreed that plaintiff's symptoms were controlled with medications when compliant with treatment. Id. ALJ Devlin nonetheless concluded that the record supported moderate limitations in the domains of social interaction and adapting and managing herself, and that he would incorporate those limitations into his decision. Id.

**C.     The ALJ's Decision**

On June 1, 2021, ALJ Devlin issued a Notice of Decision denying plaintiff's claim. Id. at 15-25. He found that plaintiff had the severe impairments of persistent depressive disorder, anxiety, social anxiety, panic disorder, borderline personality disorder, and post-traumatic stress disorder. Id. at 17. He assessed plaintiff with moderate limitations in the functional areas of interacting with others and adapting or managing oneself; and mild limitations in the areas of understanding, remembering, or applying information, as well as concentrating, persisting, or maintaining pace. Id. at 19-20.

ALJ Devlin determined that plaintiff retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels but that she would be limited to understanding, remembering, and carrying out only simple instructions and tasks; occasionally interacting with co-workers and supervisors with little to no contact with the general public; but would be able to consistently maintain concentration and focus for up to two hours at a time. Id. at 20.

ALJ Devlin found that plaintiff could perform past relevant work as a mail sorter and a warehouse worker. Id. at 24. Accordingly, he found that plaintiff was not disabled. Id. at 24-25.

## ANALYSIS

**A.     Standard of Review**

"A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by 'substantial evidence' or if the decision is based on legal error." Shaw v. Chater, 221 F.3d 126, 131 (2d Cir. 2000) (*quoting* 42 U.S.C. §405(g)).  Substantial evidence is that which a "reasonable mind might accept as adequate to support a conclusion". Consolidated Edison Co. of New York, Inc. v. NLRB, 305 U.S. 197, 229 (1938); *see also* Biestek v. Berryhill, 587 U.S. 97, 103 (2019); Colgan v. Kijakazi, 22 F.4th 353, 359 (2d Cir. 2022) ("[a]lthough . . . the evidentiary threshold for the substantial evidence standard 'is not high,' . . . the substantial evidence standard is also not merely hortatory: It requires relevant evidence which would lead a 'reasonable mind' to concur in the ALJ's factual determinations").

An adjudicator determining a claim for Social Security benefits employs a five-step sequential process. *See* Shaw, 221 F.3d at 132; 20 C.F.R. §§404.1520, 416.920.  The plaintiff bears the burden with respect to steps one through four, while the Commissioner has the burden at step five. Talavera v. Astrue, 697 F.3d 145, 151 (2d. Cir. 2012).

**B.     ALJ Devlin's RFC determination is supported by substantial evidence**

Plaintiff argues that ALJ Devlin's RFC is not supported by substantial evidence because it failed to incorporate Dr. Long's assessment of mild-to-moderate limitations in

-5-

regulating emotions, and because his finding that plaintiff could maintain attention and concentration for two-hour periods lacked adequate support from the record evidence. [9-1] at 1, 13-19. I do not agree.

On appeal, "[t]he relevant inquiry is whether the ALJ applied the correct legal standards and whether [the ALJ's] determination is supported by substantial evidence". Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir. 2013). The ALJ, not any medical source, is ultimately responsible for formulating a claimant's RFC. *See* 20 C.F.R. §§404.1546(c), 404.1527(d)(2) and §§416.946(c), 416.927(d)(2); Curry v. Commissioner of Social Security, 855 Fed. App'x 46, 48 (2d Cir. 2021) (Summary Order). To that end, "the ALJ's RFC conclusion need not perfectly match any single medical opinion in the record, so long as it is supported by substantial evidence." Schillo v. Kijakazi, 31 F.4th 64, 78 (2d Cir. 2022); *see* Matta v. Astrue, 508 F. App'x 53, 56 (2d Cir. 2013) (Summary Order) (an ALJ's conclusions need not "perfectly correspond with any of the opinions of medical sources cited in his decision" because the ALJ is "entitled to weigh all of the evidence available to make an RFC finding that [is] consistent with the record as a whole"). The determination of whether evidence is substantial is made on a "case-by-case" basis. Biestek, 587 U.S. at 98.

Here, ALJ Devlin was explicit as to his treatment of Dr. Long's opinion. He found it "fully persuasive", and specifically noted her assessment of "mild to moderate limitations regarding regulating emotions". [6] at 24. In his discussion of the functional domain of adapting or managing oneself, ALJ Devlin stated that "[he has] incorporated Dr. Long's findings into the RFC". [6] at 20. As adapting or managing oneself "refers to the abilities to regulate emotions, control behavior, and maintain well-being in a work setting" (20 C.F.R. Part

404, Subpart P, Appendix 1, section 12.00E(4)), it is clear that ALJ Devlin intended to account for any limitations in this regard in his RFC determination.

Plaintiff argues that, nevertheless, ALJ Devlin's RFC determination failed to accommodate the limitations opined by Dr. Long. [9-1] at 15-17. ALJ Devlin's RFC determination limits plaintiff to work involving simple instructions and tasks, occasional interaction with co-workers and supervisors, and little to no contact with the general public. [6] at 20. It is unclear what additional limitation or limitations ALJ Devlin was required to adopt to accommodate plaintiff's issues with emotional regulation, and plaintiff proffers no specific suggestion. It is ultimately plaintiff's burden to prove a more restrictive RFC than the one assessed by the ALJ. *See* Smith v. Berryhill, 740 F. App'x 721, 726 (2d Cir. 2018) (Summary Order). As it stands, the limitations in the RFC actually exceed those indicated by Dr. Long, who believed that plaintiff - despite her limitations in "regulating emotions" - *could* adequately interact with others, maintain attention and concentration, and control her behavior. Id. at 830-31. It is well-established that an ALJ does not err by assessing greater limitations than required by the evidence. *See, e.g.*, Chevalier v. O'Malley, 2024 WL 4264901, *13 (S.D.N.Y. 2024).

Plaintiff points to evidence in the record that she has, at various times, struggled to control her emotional well-being. [9-1] at 16-17. However, an RFC determination represents "the most [claimant] can still do despite [her] limitations". 20 C.F.R. §416.945(a)(1); *see also* SSR 96-8P, 1996 WL 374184 at *1 ("RFC is not the *least* an individual can do despite his or her limitations or restrictions, but the *most*") (emphasis in original). Generally, an RFC that limits plaintiff to unskilled work with modest restrictions has been held to adequately account for up-to-moderate mental limitations. *See, e.g.*, Zabala v. Astrue, 595 F.3d 402, 410 (2d Cir. 2010) (with no more than moderate limitations in her work-related functioning, "the ALJ's

determination that Petitioner could perform her previous unskilled work was well supported"); Mangual v. Commissioner of Social Security, 600 F. Supp. 3d 313, 329 (S.D.N.Y. 2022) ("[a]s a general matter, moderate limitations [including in regulating emotion] are not an impediment to the ability to perform gainful activity, particularly when an RFC has already limited a claimant to unskilled, routine work"); Washburn v. Colvin, 286 F. Supp. 3d 561, 566 (W.D.N.Y. 2017) ("[i]t is well settled that a limitation to unskilled work sufficiently accounts for moderate limitations in work-related functioning").

To the extent that "the ALJ nevertheless must provide an explanation for how the assessed limitations affect the claimant's ability to perform that unskilled work" (Laura B. v. Commissioner of Social Security, 2023 WL 8188730, *4 (W.D.N.Y. 2023)), ALJ Devlin has done so here. *See* [6] at 24 ("I find that by limiting[ plaintiff] to simple work addresses any limitations for adapting and managing[,] and I find that by limiting her to low contact work addresses any issues with social functioning"). ALJ Devlin determined that plaintiff's conditions were controlled with medication when compliant, and that she was capable of performing simple, routine tasks with modest limitations. [6] at 24. This was a permissible conclusion. *See* Lesanti v. Commissioner of Social Security, 436 F. Supp. 3d 639, 650 (W.D.N.Y. 2020) ("[t]he ALJ acknowledged Plaintiff's reports that her symptoms 'crop up at times,' but assessed the entirety of the record to conclude that Plaintiff's medications were generally effective at controlling her symptoms").

Plaintiff's argument regarding ALJ Devlin's finding that plaintiff could maintain attention for two-hour segments fails along the same lines. While plaintiff, at times, complained of anxiety attacks that could last from 60-90 minutes, the fully-credited medical opinion of record opined that plaintiff could adequately maintain attention and concentration. [6] at 830-31.

ALJ Devlin discounted plaintiff's subjective reports and credited the opinion of the consultative examiner, which was within his authority to do. *See* Veino v. Barnhart, 312 F.3d 578, 588 (2d Cir. 2002) ("[g]enuine conflicts in the medical evidence are for the Commissioner to resolve"); *see also* Mauro v. Commissioner of Social Security, 746 F. App'x 83, 84 (2d Cir. 2019) (Summary Order) ("subjective complaints alone are not a basis for an award of disability insurance benefits in the absence of corroborating objective medical evidence").

## CONCLUSION

For these reasons, the Commissioner's motion for judgment on the pleadings [10] is granted, and plaintiff's motion [9] is denied.

**SO ORDERED**.

Dated: February 7, 2025

/s/ Jeremiah J. McCarthy
JEREMIAH J. McCARTHY
United States Magistrate Judge